

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 25 2020
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 3:20cr116 DCB-LRA

ERROL HARMON

18 U.S.C. §371
18 U.S.C. §666(a)(2)
18 U.S.C. §1952

**The Grand Jury charges:**

## INTRODUCTION

At all times relevant to the allegations of this Indictment:

1. CERISSA RENFROE NEAL was Executive Director with the Mississippi Department of Education ("Department of Education"). CERISSA RENFROE NEAL was also principal owner of Garland Consulting, located in Madison, Mississippi.

2. JOSEPH B. KYLES was principal owner of The Kyles Company, located in Memphis, Tennessee.

3. DAVID B. HUNT was principal owner of Doc Imaging, located in Jackson, Tennessee. Doc Imaging also did business as "Hunt Services."

4. LAMBERT MARTIN was principal owner of Educational Awareness, located in Memphis, Tennessee.

## COUNT 1
(Conspiracy to Commit Bribery: 18 U.S.C. § 371)

5. Paragraphs 1 through 4 above are restated and realleged as if fully set forth herein.

6. From on or about January 1, 2014, and continuing through December 31, 2016, in Madison County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **ERROL HARMON,** did knowingly and willfully combine, conspire, confederate and agree together and with CERISSA RENFROE NEAL, JOSEPH B. KYLES, DAVID B. HUNT, and LAMBERT MARTIN, and with persons known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, to corruptly give, offer and agree to give anything of value to any person, with intent to influence and reward an agent of a State and local government and any agency thereof, in connection with any business, transaction and series of transactions of such organization, government and agency involving anything of value of $5,000 or more, in violation of Title 18, United States Code, Section 666.

## Objects of the Conspiracy

7. It was the object of the conspiracy for the defendant **ERROL HARMON** and his conspirators to unjustly enrich themselves by using interstate facilities including travel, interstate and international wires and using the mails, to defraud the State of Mississippi, the United States, and other persons by bribery to encourage and promote bid rigging, false quotes, and altered purchase orders, in order to make money and profit by defrauding the Mississippi Department of Education into awarding contracts and purchase orders at inflated prices, directed to conspirators and their businesses.

## Overt Acts

8. In furtherance of the conspiracy and to effect the object thereof, there were committed, in the Southern District of Mississippi, and elsewhere, at least one of the following overt acts, among others:

   A. Using her position within the Mississippi Department of Education, CERISSA RENFROE NEAL would split contract requests from one contract to multiple smaller contracts to avoid threshold amounts that would trigger formal competitive bidding process.

   B. Co-conspirators established and operated various business entities such as The Kyles Company, Doc Imaging, "Hunt Services," Educational Awareness, or Garland Consulting, in Mississippi and elsewhere in the United States.

   C. CERISSA RENFROE NEAL would entertain and advocate for a bid for the contract from one of the conspirators' businesses. To meet the Department of Education requirement that such an informal bid have at least two competing vendor quotes for comparison, CERISSA RENFROE NEAL would obtain false and inflated quotes, by herself and from the other conspirators, designed to make the intended conspirator's business the lower bid, and to guarantee the award of the contract to that business.

   D. Conspirators coordinated their submissions to the Department of Education as well as the sharing of the resulting contract payments. After the Department of Education made payment on the rigged contract to the conspirator-owned business, the winning bidder paid the assisting conspirators, in return for their assistance in rigging the bid and winning the contract award from the Department of Education.

E.  In each case, a payment would then be made to CERISSA RENFROE NEAL from the winning bidder, to whom she had directed the award of the contract.

F.  In this manner, The Kyles Company received from the State of Mississippi payments on purchase orders in total exceeding $650,000.

G.  During the same period, The Kyles Company made payments to Educational Awareness altogether in excess of $65,000.

H.  CERISSA RENFROE NEAL in this manner received payments directly or indirectly from defendant JOSEPH B. KYLES and The Kyles Company, totaling more than $42,000.

I.  In multiple instances, JOSEPH B. KYLES gave cash or wrote a check to defendant **ERROL HARMON**. On or about the same day, defendant **ERROL HARMON** then wrote a check to CERISSA RENFROE NEAL for substantially the same sum and caused that check to be delivered to NEAL, by U.S. mail and by interstate facilities of travel and commerce.

J.  On or about October 22, 2014, JOSEPH B. KYLES withdrew $94,000 from his bank account.

K.  On or about October 22, 2014, defendant **ERROL HARMON** deposited $7,000 in cash to his bank account.

L.  On or about October 22, 2014, defendant **ERROL HARMON** deposited $6,800 in cash to his bank account.

M.  On or about October 22, 2014, defendant **ERROL HARMON** wrote a check for $7,000 to CERISSA NEAL.

N. On or about October 24, 2014, defendant **ERROL HARMON** wrote a check for $7,000 to CERISSA NEAL.

O. On or about March 11, 2015, JOSEPH B. KYLES wrote a check for $21,200 to defendant **ERROL HARMON**.

P. On or about March 11, 2015, defendant **ERROL HARMON** wrote a check for $20,000 to CERISSA NEAL.

Q. On or about August 3, 2015, The Kyles Company wrote a check for $3,180 to defendant **ERROL HARMON**.

R. On or about August 5, 2015, defendant **ERROL HARMON** wrote a check for $3,000 to CERISSA NEAL.

S. On or about October 1, 2015, JOSEPH KYLES wrote a check for $2,120 to defendant **ERROL HARMON**.

T. On or about October 5, 2015, defendant **ERROL HARMON** wrote a check for $2,000 to CERISSA NEAL.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Bribe to an Agent of an Organization Receiving Federal Funds: 18 U.S.C. § 666(a)(2))

9. At all times material to this Indictment, the Mississippi Department of Education was an agency of a State government that received federal assistance in excess of $10,000 during the one-year period beginning August 1, 2015 and ending July 31, 2016.

10. CERISSA RENFROE NEAL was an agent of the Mississippi Department of Education, whose duties included review of proposals and awards of contracts to businesses.

11. On or about the dates below, in Hinds County and in Madison County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant **ERROL HARMON**, aided and abetted by others known and unknown to the Grand Jury, did corruptly give, offer, and agree to give a thing of value to any person intending to influence and reward CERISSA RENFROE NEAL in connection with a transaction and series of transactions of the Mississippi Department of Education involving $5,000 or more.

| COUNT | DATE | TRANSACTION |
|---|---|---|
| 2 | October 5, 2015 | Check in amount of $2,000 to CERISSA RENFROE NEAL |

All in violation of Title 18, United States Code, Sections 666(a)(2) and 2.

### COUNT 3
(Travel Act: 18 U.S.C. § 1952(a)(1))

12. On or about the dates below, in Hinds County and in Madison County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant **ERROL HARMON**, aided and abetted by others known and unknown to the Grand Jury, traveled in interstate commerce from the State of Tennessee to the State of Mississippi, used the mail, and used a facility in interstate/foreign commerce, namely a private commercial carrier delivery service, with the intent to distribute the proceeds of an unlawful activity, namely bribery in violation of Title 18, United States Code, Section 666, and thereafter performed and attempted to perform an act to distribute the proceeds of such unlawful activity.

| COUNT | DATE | TRANSACTION |
|---|---|---|
| 3 | October 5, 2015 | Check in amount of $2,000 to CERISSA RENFROE NEAL |

All in violation of Title 18, United States Code, Section 1952(a)(1).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); and Title 28, United States Code, Section 2461.

D. MICHAEL HURST, JR.
United States Attorney

**A TRUE BILL:**
**S/SIGNATURE REDACTED**
**Foreperson of the Grand Jury**

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 25th day of August, 2020

UNITED STATES MAGISTRATE JUDGE

7