```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                 NORTHERN DIVISION
```

UNITED STATES OF AMERICA                                Plaintiff

vs.                          Criminal No.3:20-cr-00116-DCB-LGI

ERROL HARMON                                            Defendant

### ORDER

Before the Court is Defendant Errol Harmon ("Defendant")'s Motion to Dismiss the Indictment Pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii),(v).  [ECF No. 24] (the "Motion").  The Court held a hearing on March 1, 2022, and the parties presented their respective arguments.  Having considered the Motion, the submissions of the parties, the arguments presented at the hearing, and the applicable statutory and case law, and recognizing that federal courts may dismiss indictments only in extraordinary and very limited situations, the Court finds that the Motion should be denied.

### Background

Defendant asserts that he is a Tennessee attorney who regularly represented a longtime client, Joseph B. Kyles ("Kyles").  [ECF No. 25] at 1.  On February 25, 2020, Kyles and three other defendants were indicted for a contract bidding scheme that allegedly was aimed at defrauding the Mississippi Board of Education.  Id.; see United

States v. Cerissa Renfroe Neal, et al., Case No. 3:20-CR-00037-TSL-FKB (the "Neal Case").  Defendant was not named as a co-defendant in the Neal Case.  Instead, the Government later obtained a separate indictment against Defendant on August 25, 2020.  [ECF No. 3].  The indictment charges Defendant with three offenses:

> COUNT 1:  Conspiracy to commit bribery, 18 U.S.C. § 371;
>
> COUNT 2:  Bribery of an agent of an organization receiving federal funds, 18 U.S.C. § 666(a)(2); and
>
> COUNT 3:  Transportation in aid of bribery in violation of the Travel Act, 18 U.S.C. § 1952(a)(1).

[ECF Nos. 3, 3-1, 3-2].

In his supporting memorandum to the Motion, Defendant argues that "the indictment in this case must be dismissed in its entirety." [ECF No. 25] at 18.  Defendant faults Count 1 for lack of specificity and failure to state an offense.  Id. at 12.  In particular, Defendant argues that Count 1 of the indictment "fails to include any facts alleging 'that there was an agreement between the [Harmon] and one or more persons to commit any of the crimes as charged in the indictment,' which is an essential element of a conspiracy offense."  Id. at 11 (quoting United States v. Chandler, 419 F. App'x 443, 448 (5th Cir. 2011)).

Regarding Count 2, Defendant claims that it fails to allege a transaction involving $5,000 or more, which is the minimum threshold

2

valuation required under 18 U.S.C. § 666(a)(2).[1]  According to Defendant, Count 2 merely alleges that Defendant gave Cerissa Neal ("Neal"), an agent of the Mississippi Department of Education, a check for $2,000, thereby falling short of the statutory minimum. Id. at 14-15.  Defendant also faults Count 2 because it "fails to allege that the check Harmon gave Neal, the alleged 'receiver' of the bribe, was made in an attempt to influence any decision Neal made within her capacity as a governmental agent."  Id. at 12-13. Defendant points out that Count 2 does not incorporate by reference any other portions of the indictment, and, having failed to allege facts within Count 2 that establish the $5,000 threshold valuation under the bribery statute, the count is defective.  Defendant posits that the Government deliberately did not incorporate facts related

---

[1] The bribery statute provides in pertinent part:

**(a)** Whoever, if the circumstance described in subsection (b) of this section exists—
. . .
**(2)** corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;

shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C.A. § 666(a)(2).

3

to the financial transactions that are listed in Count 1 because, given that the indictment was issued on August 25, 2020, those transactions fall outside of the applicable five-year statute of limitations under 18 U.S.C. § 3282.  Id. at n.3.  Because the bribery statute, 18 U.S.C. § 666(a)(2), is the predicate law used as the baseline offense under the Travel Act in Count 3, Defendant argues that Count 3 falls with Count 2.

   The Government counters that Defendant was a friend of Kyles, and Defendant acted as the middleman in the contract award scheme by transmitting illicit kickback payments to the conspirators.  [ECF No. 29] at 2.  According to the Government, the indictment sufficiently sets forth the essential elements of each offense and fairly informs Defendant of the charges against which he must defend.  Id. at 1; 10-12.  The Government urges the Court to apply a common-sense construction to the indictment and ignore technical errors in determining the sufficiency of the indictment.  Id. at 4.  With respect to the $5,000 threshold amount under the bribery statute in Count 2, the Government argued at the hearing, and repeats in its opposition brief, that because ¶ 8.F. of the indictment pleads more than $650,000 in contract awards (i.e., the value of the benefits received in return for the bribe), the Court should consider the indictment as a whole and find that the jurisdictional threshold in

Count 2 is satisfied. Id. at 17.

With respect to Count 3, the Government contends that "[f]or conviction under the Travel Act, there need not be a conviction for the underlying predicate unlawful activity" and that "[t]he Travel Act count stands on its own allegations as a valid charge against Harmon." Id. at 19.

## Discussion

A motion to dismiss an indictment for failure to state an offense, such as the Motion now before the Court, is a challenge to the sufficiency of the indictment. United States v. Kay, 359 F.3d 738, 742 (5th Cir. 2004). In its analysis of the indictment, the Court is required to "take the allegations of the indictment as true and to determine whether an offense has been stated." Id. (quoting United States v. Hogue, 132 F.3d 1087, 1089 (5th Cir. 1998)). Federal Rule of Criminal Procedure 7(c)(1) requires that the indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged … ." FED. R. CRIM. P. 7(c)(1). "It is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." United States v. Bearden, 423 F.2d 805, 810 (5th Cir. 1970). The Court also is guided by the firmly established principle that dismissal of an

indictment is extraordinary and unusual relief because, unlike dispositive motion practice in civil cases, it encroaches upon the fundamental role of the grand jury.  E.g., United States v. Li, 206 F.3d 56, 62 (1st Cir. 2000) ("dismissing an indictment is an extraordinary step") (quoting United States v. Stokes, 124 F.3d 39, 44 (1st Cir. 1997)); Whitehouse v. United States District Court, 53 F.3d 1349, 1360 (1st Cir. 1995) (when a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury); United States v. McFadden, 59 F.3d 1243, n. 4 (5th Cir. 1995) (dismissal of an indictment is limited to "extraordinary situations"); United States v. Fulmer, 722 F.2d 1192, 1195 (5th Cir. 1983) ("For this reason, we have held that a district court may dismiss an indictment with prejudice only where it has been shown that governmental misconduct or gross negligence in prosecuting the case has actually prejudiced the defendant.").

    Federal courts routinely apply two criteria when measuring the sufficiency of an indictment: (1) whether the indictment contains the elements of the offense charged and sufficiently apprises the defendant so that he will not be misled while preparing his defense; and (2) whether the defendant is protected against another prosecution for the same offense.  Bearden, 423 F.2d at 810

(citing Russell v. United States, 369 U.S. 749, 763, (1962) and Berger v. United States, 295 U.S. 78, 82(1935)); see also United States v. Thompson, No. 3:19-CR-266-DCB-LRA, 2020 WL 5878208, at *1 (S.D. Miss. Oct. 2, 2020).  In this case, the Court concludes that all counts of the indictment meet these criteria -- Defendant is sufficiently apprised of the charges against him, and he will be able to defend against double jeopardy in any later proceedings.

Regarding Defendant's specific challenge to Count 1 (Conspiracy to Commit Bribery) for failing to allege an agreement between Defendant and others in the conspiracy, the Court notes that "an express, explicit agreement is not required" to prove a conspiracy. United States v. Delgado, 984 F.3d 435, 450 (5th Cir. 2021) (internal quotations and citations omitted).  A "tacit agreement is enough." Id.  The Court finds that the indictment contains sufficient details of the conspiracy scheme and Defendant's role in facilitating payments to Neal to satisfy that element of the alleged conspiracy offense.

Defendant's challenge to Count 2 (Bribery under 18 U.S.C. § 666(a)(2)) initially appears to have merit based on Fifth Circuit caselaw that requires incorporation by reference of allegations between counts of an indictment to be done expressly.  United States v. Knowles, 29 F.3d 947, 952 (5th Cir. 1994); United States v. Huff,

7

512 F.2d 66, 69 (5th Cir. 1975).  Defendant correctly points out that Count 2 does not expressly incorporate by reference the facts alleged in Count 1, including the lengthy list of payments alleged to have been made by and among the conspirators.  [ECF No. 3] ¶¶ 8.F.-8.T.  Count 2, according to Defendant, is therefore strictly limited to the allegations contained in paragraphs 9, 10 and 11 of the indictment.  Defendant argues that Paragraph 11 lists only one $2,000 payment from Defendant to Neal, which is below the $5,000 minimum valuation required to prove a violation of 18 U.S.C. 666(a)(2) and insufficient to charge bribery.

In addressing this issue, the Court finds instructive the Third Circuit's analysis of a similar indictment issue in United States v. Stevenson, 832 F.3d 412 (3d Cir. 2016), cert. denied, 137 S.Ct. 674 (2017).  The panel's decision in Stevenson acknowledged cases that require incorporation by reference in an indictment to be done expressly, id. at 425, including the Fifth Circuit's holding in Knowles, supra.  The panel further acknowledged the Third Circuit's prior holding in United States v. Spinner, 180 F. 3d 514 (3d Cir. 1999), where the court found an indictment jurisdictionally defective because it failed to include the necessary element of interstate commerce in one count of the indictment, although it was clearly included in a separate count.  Id. at 425.  In its analysis,

the panel in Stevenson limited the holding of Spinner and found that, despite the absence of a "specific averment regarding the interstate commerce element" in the count at issue, and despite the absence of language expressly incorporating by reference that element from a separate count in the indictment, the language of the indictment was nonetheless sufficient to incorporate the element across counts by "necessary implication":

> Inherent in the indictment's description of Stevenson's actions is interstate commercial activity: the use of a fake Georgia drivers' license in Pennsylvania to further drug and firearm crimes. For this reason, we hold that the false identification count sufficiently communicated the interstate commerce element to the grand jury and informed Stevenson of the nature of the charges against him.

Stevenson, 832 F.3d at 424-26 (citing to United States v. Harms, 442 F.3d 367, 372 (5th Cir. 2006)("explaining that so long as an indictment as a whole 'fairly imports' an element, 'an exact recitation of [that] element ... is not required'").

Here, the Court notes that, in addition to describing an alleged $2,000 payment from Defendant to Neal, Paragraph 11 of the indictment also states that Defendant "aided and abetted by others known and unknown to the Grand Jury, did corruptly give, offer, and agree to give a thing of value to any person intending to influence and reward CERISSA RENFROE NEAL in connection with a transaction and series of transactions of the Mississippi Department of Education involving

9

$5,000 or more." [ECF No. 3] ¶ 11. The Court further notes that, under Delgado, the bribe amount is not necessarily dispositive of the value of a bribery transaction. Delgado, 984 F.3d at 447. The jurisdictional threshold may be determined instead by the total value of the benefits received in return for the bribe, id. at 448-49, which Paragraph 11 of the indictment states is more than $5,000 and which is a value ultimately to be determined at the jury trial of this case. The Court finds that, at this early stage of the litigation while discovery is proceeding, Count 2 sufficiently communicated the minimum threshold element to the grand jury and that the indictment, taken as a whole, sufficiently informs Defendant of the nature of the charges against him. To the extent that issues of proof exist when the Government rests its case at trial, Defendant will have the opportunity to present such issues to the Court in the form of a Rule 29 motion at the appropriate time. FED. R. CRIM. P. 29.

Having found that the bribery charge under 18 U.S.C. § 666(a)(2) in Count 2 survives, which, according to Defendant, is the predicate law that is used as the baseline offense under the Travel Act in Count 3, the Court finds that Count 3 survives as well.

Accordingly,

IT IS ORDERED AND ADJUDGED that the Motion to Dismiss the Indictment Pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii),(v) [ECF

No. 24] is DENIED; and

IT IS FURTHER ORDERED that the trial of this matter is reset for April 18, 2022 at 9:00 AM in Courtroom 6B, Jackson, Mississippi.

SO ORDERED, this the 29th day of March 2022.

                                                                      /s/ David Bramlette
                                             UNITED STATES DISTRICT JUDGE